IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:16-cv-01703 |
| v. | ) |
| | ) |
| PAR INDUSTRIAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, the United States of America, by authority of the Attorney General and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

Nature of the Action

1. This is a civil action brought pursuant to Sections 107(a)(1) and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607(a)(1), 9613(g)(2), for recovery of response costs incurred at the PAR Industrial Corporation Superfund Site in Nitro, Putnam County, West Virginia ("Site"). The United States also seeks a declaratory judgment on liability that will be binding on any subsequent action or actions to recover further response costs.

Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331, 1345.

3. Venue is proper in the Southern District of West Virginia pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b)(2).

## Defendant

4. Defendant PAR Industrial Corporation ("PAR") is a corporation formed under the laws of the State of West Virginia.

## General Allegations

6. The Site consists of two non-contiguous buildings, *i.e.,* the Water Treatment Building and Pulp Mill Building, located on an approximately 87-acre plot of land identified as No. 6-1-0000 in the Putnam County, West Virginia land records.

7. PAR purchased the real property on which the Site is located ("the Property") in January 1983. Over the course of its ownership of the Site, PAR operated the Property as a demolition and salvage business and as an industrial park, leasing space on the Property to third-party tenants.

8. EPA Region III inspections conducted at the Property in 1987, 1988, and 1990 revealed the presence of electrical transformers containing polychlorinated biphenyls ("PCBs").

9. PCBs are identified as a hazardous substance in 40 C.F.R. § 302.4.

10. A criminal investigation in 1992 led to the indictment of PAR President John Pizzuto, who subsequently pled guilty to criminal offenses based on his failure to report the presence of PCB transformers on the Property, failure to properly mark PCB storage areas and containers, and unlawful storage of PCBs on the Property.

11. Inspections by EPA in 2009 revealed the continuing presence at the Property of transformers, drums, tanks, and other containers which contained oil contaminated with PCBs.

12. In August 2010, EPA completed a site evaluation pursuant to 40 C.F.R. § 300.410 which identified 42 transformers, and numerous drums and other containers stored in the Pulp Mill Building and Water Treatment Building.

13. EPA noted leakage from some of the transformers, noted that the containment areas where the transformers were stored were inadequate, and also found that the buildings themselves were in poor condition.

14. In March 2011, EPA selected a removal action, which was performed between June and December 2011. As a result, 45 transformers, 6 pieces of miscellaneous electrical equipment, and 177 tons of wastes containing hazardous substances -- including PCB-contaminated water, PCB transformer oil, and contaminated debris -- were removed from the Site.

## FIRST CAUSE OF ACTION

15. The foregoing paragraphs are re-alleged and incorporated herein by reference.

16. Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9602(21).

17. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

18. "Hazardous substances," within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), were disposed of at the Site.

19. There has been a "release or threatened release," as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances into the environment at the Site.

20. In March 2011, the Associate Director of the Office of Preparedness and Response, Hazardous Site Cleanup Division, EPA Region III, acting pursuant to his delegated

authority under Section 104 of CERCLA, 42 U.S.C. § 9604, determined that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of the release or threatened release of hazardous substances at the Site, and selected a removal response action for implementation at the Site.

21. The United States has incurred costs authorized by Section 104 of CERCLA, 42 U.S.C. § 9604, as a result of the release or threat of release of hazardous substances from the Site.

22. The United States' actions at the Site were "response" actions as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

23. The costs incurred by the United States in conducting the response actions were incurred in a manner not inconsistent with the National Contingency Plan, promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.

24. Defendant is within the class of persons described in Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1). Specifically, Defendant is the current owner of the Site.

25. Therefore, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendant is liable for payment of response costs incurred by the United States as a result of the response actions taken at the Site.

SECOND CAUSE OF ACTION

26. The foregoing paragraphs are re-alleged and incorporated herein by reference.

27. The United States will continue to incur response costs in connection with the Site until all response costs are paid by responsible parties.

28. Defendant is subject to a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), on liability for response costs or damages that will be binding on any subsequent actions to recover further response costs or damages.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that this Court enter a judgment against Defendant as follows:

A. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), finding Defendant liable, and ordering Defendant to pay all response costs, plus interest, incurred by the United States in response to the release and threat of release of hazardous substances at the Site;

B. Entering a declaratory judgment of liability under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), against the Defendant that will be binding on any subsequent action by the United States to recover further response costs or damages incurred at the Site.

C. Granting such other and further relief as the Court deems just and proper

Respectfully submitted,

John C. Cruden
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


/s/ NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section

/s/ THOMAS P. KOLKIN
Trial Attorney
U.S. Department of Justice
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611
T: (202) 305-0427
F: (202) 514-0097
E: Thomas.Kolkin@usdoj.gov

<u>Of Counsel</u>:
ANDREW GOLDMAN
Sr. Assistant Regional Counsel
EPA Region III
Philadelphia, PA

CAROL A. CASTO
Acting United States Attorney

By: /s/ GARY L. CALL
Assistant United States Attorney
WV State Bar No. 589
P.O. Box 1713
Charleston, West Virginia 25326
T: 304/345-2200
F: 304/347-5440
E: gary.call@usdoj.gov