IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                            CIVIL ACTION NO.   3:16-1703

PAR INDUSTRIAL CORPORATION,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the United States' Motion to Strike Certain of Defendant's Affirmative Defenses. ECF No. 8. Defendant Par Industrial Corporation ("Par") has not responded to the Motion. The United States brought a civil action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") against Par to recover costs it incurred when it removed 177 tons of hazardous waste from Par's property. The United States moves the Court to strike all but one of Par's nineteen affirmative defenses because they are not permitted by the statute. For the following reasons the Court **GRANTS** Plaintiff's Motion.

**I.     Background**

In August 2010, the Environmental Protection Agency ("EPA") completed a site evaluation of Par's 87-acre plot in Nitro, West Virginia. Compl. ¶ 6, ECF No. 1; Mem. in Supp. of Mot. to Strike, 1, ECF No. 9. EPA found a number of items leaking polychlorinated biphenyls ("PCBs). Compl. ¶ 13. In March 2011, EPA removed the leaking items and 177 tons of contaminated substances, including contaminated water, transformer oil, and debris. *Id.* ¶ 14. The United States subsequently brought a civil action to recover the costs of removing the

contaminated material pursuant to section 107(a)(1) and 113(g)(2) of CERCLA. 42 U.S.C. §§ 9607(a)(1); 9613(g)(2).

In response Par asserts, in general terms, nineteen affirmative defenses. Answer 5, ECF No. 6. The defenses are as follows: (1) accord and satisfaction; (2) arbitration and award; (3) assumption of risk; (4) contributory negligence; (5) discharge in bankruptcy; (6) duress; (7) estoppel; (8) failure of consideration; (9) fraud; (10) illegality; (11) injury by fellow servant; (12) laches; (13) license; (14) payment and relief; (15) res judicata; (16) statute of frauds; (17) statute of limitations; (18) waiver; (19) breach of contract or any other matter constitution an avoidance or affirmative defense with may become apparent after discovery. *Id.*

The United States now moves this Court to strike all Par's affirmative defenses save its statute of limitations defense. The United States asserts that CERCLA provides for three exclusive affirmative defenses to liability and all other defenses are improper. The Court agrees.

The United States advances two alternative arguments but because the Court finds its primary argument persuasive, the Court will not address the secondary bases for the relief requested.

## II. Legal Standard

Federal Rule of Civil Procedure 12(f) permits a district court, on motion or on its own, to remove material from a pleading that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Motions to strike are a drastic remedy, often used by the movant as a dilatory tactic, and are therefore disfavored and infrequently granted. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (2d ed.1990)); *see also Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993) (citing *First Financial Sav. Bank v. Am. Bankers Ins. Co.*, 783 F.Supp. 963,

966 (E.D. N.C. 1991); *U.S. v. Fairchild Indus. Inc.*, 766 F.Supp. 405, 408 (D. Md. 1991)). Thus, to prevail on a motion to strike, the movant must show that the challenged material "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." 2 *Moore's Federal Practice* § 12.37 (3d ed. 2009); *see also Clark*, 152 F.R.D. at 70. That said, motions to strike requests for certain types of relief, such as punitive damages, are generally granted if such relief is not recoverable under the applicable law. 2 *Moore's Federal Practice* § 12.37.

### III.     Discussion

The CERCLA statute expressly permits three affirmative defenses to liability. 42 U.S.C. § 9607(a). They are: (1) an act of God; (2) an act of war; and (3) an act or omission by an unrelated third party. § 9607(b). The Fourth Circuit has not yet addressed whether the defenses enumerated in the statute are exclusive. Nonetheless, the courts that have addressed the issue squarely, which includes district courts in this circuit, have roundly held that the enumerated defenses are exclusive. *See Cal. ex rel. Cal. Dept. of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 672 (9th Cir. 2004) ("Every court of appeals that has considered the precise question whether § 9607 permits equitable defenses has concluded that it does not, as the statutory defenses are exclusive."); *Blasland, Bouck & Lee, Inc. v. City of North Miami*, 283 F.3d 1286, 1304 (11th Cir. 2002) (finding CERCLA does not permit equitable defenses because the defenses permitted are exclusive); *Velsicol Chem. Corp. v. Enenco, Inc.*, 9 F.3d 524, 530 (6th Cir. 1993) (same); *United States v. Timmons Corp.*, No. 103-cv-00951, 2006 WL 314457, at *10 (N.D.N.Y. Feb. 8, 2006) (same); *Richmond, Fredericksburg and Potomac R.R. v. Clarke*, No. 90-cv-00336, 1991 WL 321033, at *5 (E.D. Va. Jan. 22, 1991) ("defenses to CERCLA actions are limited to those defenses that the statute itself specifies.").

In light of the raft of case law and the plain language of the statute, the Court believes CERCLA permits only the defenses enumerated. Consequently, all but one of Par's affirmative defenses have no bearing on the subject matter of this litigation and will prejudice the United States by improperly expanding the scope of discovery and muddling the issues. *See United States Conagra Grocery Prods Co., LLC*, No. 2:11-cv-455, 2012 WL 3137436, at *3 (D. Me. Jul. 31, 2012) (striking affirmative defenses because CERCLA does not permit equitable defenses); *Timmons*, 2006 WL 314457, at *10 (striking affirmative defenses as unavailable in a CERCLA action); *Clarke*, 1991 WL 321033, at *5 (striking affirmative defenses not enumerated in CERCLA). All Par's affirmative defenses, except its statute of limitations defense, should be stricken.

The United States has not requested that the Court strike Par's statute of limitations defense because the parties entered into a series of tolling agreements beginning in 2014 and the issue requires more factual development to determine the merit of the defense. The Court also notes that section 9613(g) of CERCLA provides a statute of limitations for recovery of costs actions. While the issue has not been briefed by the parties, the Court can comfortably say that although a defense based on the statute of limitations is not enumerated in section 9607, a statute of limitations defense is certainly viable, subject to the proper offer of proof, of course, given the plain language of section 9613(g).

The Court **GRANTS** the United States' Motion to Strike Certain Defendant's Affirmative Defenses. ECF No. 8. The Court **STRIKES** all Defendant's affirmative defenses except the defense of statute of limitations.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties

    ENTER:    December 8, 2016

    ROBERT C. CHAMBERS, CHIEF JUDGE